**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**PAGNATOKARP PARTNERS, LLC,**
    a Delaware Corporation,
    11951 Freedom Drive, No. 1260
    Reston, VA 20190

        Plaintiff,

vs.

**Civ. Case No. _____**

**SAMANTHA D. YOUNG,**
    an individual,
    440 K Street, N.W., No. 604
    Washington, D.C. 20001

        Defendant.

## COMPLAINT

COMES NOW Plaintiff PagnatoKarp Partners, LLC (hereinafter "Plaintiff"), by counsel, and brings this Complaint against Samantha D. Young (hereinafter "Defendant") seeking relief for the misappropriation of trade secrets, violation of the Computer Fraud and Abuse Act, conversion/theft, violation of Defendant's fiduciary duties to Plaintiff, tortious interference with contract and prospective economic relations, and equitable relief to enjoin the unlawful use of its property.  Plaintiff pleads as follows:

## WHAT THIS LAWSUIT IS ABOUT

1.    Plaintiff is a successful company headquartered in Reston, Virginia, and employs approximately 28 people.

2.    Before filing this lawsuit, Plaintiff attempted to resolve this dispute amicably. Defendant, however, lied to Plaintiff and misrepresented what Defendant was doing with

Plaintiff's property.  And, Defendant used Plaintiff's property to access, misappropriate, and use Plaintiff's trade secrets.

3.      Defendant was given a laptop computer and trade secrets, including Plaintiff's confidential client list.  After Defendant's association with Plaintiff ended, Plaintiff demanded return of the laptop computer, which is Plaintiff's property.  Defendant delayed and refused to return the property in a timely manner.  Plaintiff has since learned that Defendant was using Plaintiff's property, including the misappropriated client list, to solicit Plaintiff's clients and take away business from Plaintiff.  Accordingly, this lawsuit is necessary.

## PARTIES

4.      Plaintiff PagnatoKarp Partners, LLC, is an entity formed in Delaware with its principal place of business in Reston, Virginia.

5.      Defendant is an individual who resides in Washington, D.C.

## JURISDICTION AND VENUE

6.      Jurisdiction and venue are proper in Washington, D.C.  Defendant was employed and was doing business in Washington, D.C. at times relevant to this lawsuit, and she committed acts in or caused damage directed towards Plaintiff in Washington, D.C. and Reston, Virginia. As a proximate result of Defendant's acts, Plaintiff sustained damages in excess of $75,000.

7.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

8.      The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this matter arises in part under the laws of the United States.

9.      The Court has supplemental jurisdiction over one or more counts of the Complaint pursuant to 28 U.S.C. § 1367, inasmuch as they are so related to claims within the original jurisdiction of this Court as to form part of the same case or controversy.

## FACTS

### Plaintiff is A Successful Company

8.      Plaintiff is a start-up company founded by two successful and hardworking entrepreneurs.

9.      Plaintiff's industry is intensely competitive.  Plaintiff has numerous competitors for a limited set of customers.  Plaintiff faces competition from national as well as local businesses.

10.     Plaintiff's long-term success in the industry will be determined by Plaintiff's ability to learn clients' needs, establish and maintain relationships with clients, provide superior services, and maintain and build customer goodwill.  The relationships with its customers are critically important for maintaining and growing Plaintiff's business.

11.     To accomplish its goals and maintain its success, Plaintiff developed and owns a number of confidential and proprietary trade secrets, including, but not limited to, annotated client lists and information about clients not available from public sources.  Plaintiff's confidential and proprietary trade secrets help ensure Plaintiff will continue to be successful in the industry.

12.     Plaintiff has devoted substantial time, money, and effort to develop its confidential and proprietary trade secrets.  The expense, time, and trouble to develop the confidential and proprietary trade secrets provide Plaintiff an advantage over its competitors and allow Plaintiff to maintain and increase Plaintiff's market share.

13.     Plaintiff has a legitimate and important business interest in protecting Plaintiff's goodwill and relationships with customers from exploitation to its detriment by competitors and persons with whom it has provided its trade secrets pursuant to a working relationship.  Further, Plaintiff has a legitimate and important business interest in protecting its goodwill and relationships with Plaintiff's clients.

14.     Defendant worked for Paul A Pagnato, Jr. (hereinafter "Pagnato") and David W. Karp (hereinafter "Karp").  Pagnato, Karp and Defendant were all employed by HighTower Holding, LLC and working for the Pagnato Karp Group division (hereinafter the "Division"). The Division was created in July 2011 and run by Pagnato and Karp.

15.     Defendant's job duties and responsibilities included, among other things, taking care of clients, soliciting business from clients and leads/potential clients and managing the Pagnato Karp Group's insurance offerings.

16.     Pursuant to that working relationship, the Division, Pagnato and Karp provided their trade secrets to Defendant in return for a promise and covenant from Defendant that Defendant would use those trade secrets solely for the benefit of the Division and not misappropriate and/or distribute same.

17.     In addition, the Division provided Defendant with a laptop computer that was owned by HighTower (hereinafter the "Computer").  Defendant acknowledged that the Computer was not Defendant's property, but the property initially belonged to Hightower and the Division and later the property belonged to Plaintiff.

18.     On or about March 1, 2016, the Division separated from HighTower and Pagnato, Karp and Defendant left the employment of HighTower at approximately the same time.  As part of the Division's departure from HighTower, the Division, Pagnato and Karp formed

PagnatoKarp Partners, LLC.  Plaintiff bought from HighTower and took full ownership in all of the property and assets the Division had been using while part of HighTower, including but not limited to, office furniture, office equipment, the leased premises and the Computer.

19.     As part of the Division's departure, Defendant's employment with Hightower ended.  Soon thereafter, Defendant took a substantially similar position at U.S. Trust ("New Employer").

20.     New Employer directly competes with Plaintiff and sells the same type of financial services and seeks the same type of investor/clients.

21.     Despite Defendant's obligations to Plaintiff, Defendant used Plaintiff's trade secrets to solicit Plaintiff's clients, interfere with Plaintiff's business relationships, or contracts in existence with those clients, and sought to steal or divert Plaintiff's clients and business to Defendant, New Employer, and/or other persons or entities in direct competition with Plaintiff. Defendant is soliciting Plaintiff's clients for her boyfriend who sells financial products that directly compete with Plaintiff's business.

22.     More egregious is the fact that Defendant remains in possession of Plaintiff's customer list, which is highly confidential.   In addition, Defendant is *using* Plaintiff's confidential client list to solicit Plaintiff's clients for business at Defendant's New Employer.

**COUNT I**
**MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF**
**D.C. UNIFORM TRADE SECRETS ACT**

23.     A cause of action is pled against Defendant for misappropriation of trade secrets or confidential information in violation of the D.C. Uniform Trade Secrets Act, D.C. Code § 36-401 *et seq.*  The allegations contained in all of the paragraphs of this pleading are hereby re-

averred and re-alleged for all purposes, and incorporated herein with the same force and effect as if set forth verbatim.

24.     In connection with Defendant's work for the Division, Pagnato and Karp and in reliance on Defendant's promises and covenants, the Division, Pagnato and Karp gave Defendant confidential and proprietary information and trade secrets.

25.     Plaintiff has gone, and continues to go to, great expense in both time and money to develop and protect the secrecy of Plaintiff's confidential and proprietary trade secrets. Plaintiff's confidential and proprietary trade secrets are essential to its success and enable it to have a unique advantage in the industry which cannot be duplicated without knowledge of its confidential and proprietary trade secrets.

26.     Defendant is in a position of direct competition whereby it is not merely probable, but inevitable, that Defendant will use Plaintiff's confidential and proprietary trade secrets for her benefit or for the benefit of persons or entities against whom Defendant is competing for business.  Indeed, Plaintiff has learned from its clients that Defendant has solicited them for the same type of business she did when she worked for the Division.  Defendant's actions are a direct harm to Plaintiff.

27.     Each of Defendant's above-referenced acts or omissions, singularly or in combination with others, constitutes a breach of her obligation not to use or disclose Plaintiff's trade secrets or confidential information.  And, Defendant breached her promises and covenants to return Plaintiff's property.  Defendant's above-referenced acts or omissions are the proximate cause of damages to Plaintiff, which to a large degree are incalculable, but are within the jurisdictional limits of this Court.

## COUNT II
## <u>BREACH OF FIDUCIARY DUTY</u>

28.     A cause of action is pled against Defendant for breach of fiduciary duty.  The allegations contained in all the preceding paragraphs of this pleading are hereby re-averred and re-alleged for all purposes with the same force and effect as if set forth verbatim.

29.     As an individual working for the Division who was entrusted with trade secrets and confidential information, Defendant was in a position that gives rise to fiduciary duties owed by Defendant to Plaintiff.  Defendant stole from Plaintiff and misappropriated Plaintiff's confidential and proprietary trade secrets, either alone or in concert with other persons or entities. Defendant derived personal gain through the breach of her fiduciary duty.

30.     Each of Defendant's above-referenced acts or omissions, singularly or in combination with others, constitutes a breach of fiduciary.  Defendant's breach was the proximate cause of significant, but largely incalculable, damages to Plaintiff which are within the jurisdictional limits of this court.

## COUNT III
## <u>VIOLATION OF FEDERAL COMPUTER FRAUD AND ABUSE ACT</u>

31.     A cause of action is pled against Defendants for violating the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C) ("CFAA").  Defendant intentionally accessed a computer used for interstate commerce or communication, without authorization or by exceeding authorized access to such a computer, and by obtaining information from such a protected computer.

32.     Defendant violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4), by knowingly, and with intent to defraud, accessing a protected computer, without authorization or by exceeding authorized access to such a computer, and by means of such conduct furthered

the intended fraud and obtained one or more things of value, including Plaintiff's client list and client information.

33.     Defendant violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(A)(i), by knowingly causing the transmission of a program, information, code, or command and as a result intentionally causing damage without authorization to a protected computer owned by Plaintiff.

34.     Defendant violated the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030(a)(5)(A)(ii) and (iii), by intentionally accessing a protected computer without authorization, causing damage to Plaintiff, recklessly or without due regard for her actions.

35.     The Computer, computers and/or computer systems that Defendant accessed as described above constitute a "protected computer" within the meaning of 18 U.S.C. §1030(e)(2).

36.     Plaintiff has suffered damages because of these violations, including but not limited to, harm to Plaintiff's business, loss of client goodwill and other losses and damages in an amount to be proved by trial, but, in any event in an amount well over $5,000 aggregated over a one-year period.

37.     Defendant's unlawful access to and theft from the Computer also have caused Plaintiff irreparable injury.  Unless restrained and enjoined, Defendant will continue to commit such acts.  Plaintiff's remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Plaintiff to remedies including injunctive relief as provided by 18 U.S.C. § 1030(g).

## COUNT IV
## CIVIL THEFT/CONVERSION
## (in the alternative)

38.     A cause of action is pled against Defendant for theft/conversion.  The allegations contained in all the paragraphs of this pleading are hereby re-averred and re-alleged for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein

39.     Defendant misappropriated Plaintiff's property without Plaintiff's consent with the intent to deprive Plaintiff.

40.     In connection with Defendant's work for the Division and in reliance on Defendant's agreements, promises, covenants, and common law duties, Plaintiff entrusted Defendant with Plaintiff's trade secrets, client lists, and confidential proprietary business methods.

41.     Since Defendant ceased working with Plaintiff, Defendant unlawfully and without authority assumed dominion and control over Plaintiff's trade secrets and confidential proprietary business methods, among other property and data.

42.     Each of the above-referenced acts or omissions singularly and in combination with others constitutes conversion.  Defendant's conversion of Plaintiff's property was and is the proximate cause of significant damages to Plaintiff, which are within the jurisdictional limits of this court.

## COUNT V
## FRAUD

43.     A cause of action is pled against Defendant for fraud.  The allegations contained in all the paragraphs of this pleading are hereby re-averred and re-alleged for all purposes, and incorporated herein with the same force and effect as set forth verbatim herein.

44.     As delineated in more detail above, Defendant made representations to Plaintiff. At the time Defendant made the representations, she knew they were false, made them in bad faith, and/or made them with a conscious indifference to their truth or falsity.  Defendant made these fraudulent representations so she could avoid returning the Computer, continue to use the Computer, conceal her misappropriation and use of Plaintiff's trade secrets, and conceal her other improper conduct.

45.     Defendant's fraudulent acts caused Plaintiff damages in an amount within the jurisdictional limits of this Court.  Further, as a result of the clear and convincing evidence, Plaintiff is entitled to exemplary damages from Defendant for Defendant's conduct.

## COUNT VI
## UNJUST ENRICHMENT

46.     A cause of action is pled against Defendant for unjust enrichment.   The allegations contained in all the paragraphs of this pleading are hereby re-averred and re-alleged for all purposes, and incorporated herein with the same force and effect as set forth verbatim herein.

47.     Defendant wrongfully kept, used, copied and downloaded Plaintiff's client list and trade secrets.  Defendant knew that she should not retain the client list and other data she stole from Plaintiff.

48.     As a result, Defendant has been unjustly enriched by retaining ill-gotten funds, and should not be allowed to keep the funds she unlawfully took.  Plaintiff has been damaged in the amount stolen or fraudulently obtained.

49.     As a result of Defendant's actions, Plaintiff suffered damages in an amount within the jurisdictional limits of this Court.

## COUNT VII
## TORTIOUS INTERFERENCE WITH CONTRACT
## AND/OR PROSPECTIVE BUSINESS RELATIONSHIP

50.     A cause of action is pled against Defendant for tortious interference with contract and/or prospective business relationships. The allegations contained in all the paragraphs of this pleading are hereby re-averred and re-alleged for all purposes with the same force and effect as if set forth verbatim.

51.     Defendant willfully and intentionally interfered with valid contracts or prospective business relationships between Plaintiff and its customers. As a result of Defendant's interference, Plaintiff has suffered injury and incurred actual damage and loss.

52.     Defendant's tortious interference with Plaintiff's contracts was and is the proximate cause of significant damages to Plaintiff, which are within the jurisdictional limits of this Court.

## COUNT VIII
## CONSTRUCTIVE TRUST AND FOR ACCOUNTING

53.     A cause of action is pled against Defendant for an accounting and a constructive trust. The allegations contained in all the paragraphs of this pleading are hereby re-averred and re-alleged for all purposes, with the same force and effect as if set forth verbatim herein.

54.     Defendant has improperly obtained financial benefits by misappropriating and using Plaintiff's property and trade secrets. The exact nature and extent of the improperly obtained monies and property by Defendant cannot be determined without an accounting of the transactions of the parties. Examination of such records is necessary since there is no adequate remedy at law, and it is necessary to establish the value of the property improperly gained by Defendant.

55.     It is unconscionable and improper for Defendant to retain, use, and misappropriate Plaintiff's property, assets and the funds.

11

56.     It is necessary to impose a constructive trust on the gross revenues, profits, benefits, monies, earnings and total remuneration Defendant derived from exercising dominion over Plaintiffs' property.

57.     As a proximate result of Defendant's failure to abide by its promises and representations, Plaintiff(s) has suffered damages within the jurisdictional limits of this Court.

## INJUNCTIVE RELIEF

58.     Plaintiff incorporates by reference each and every allegation contained in the paragraphs of this pleading as if set forth fully verbatim herein.

59.     Defendant's work with New Employer in a substantially same position and misappropriation Plaintiff's confidential information violates Defendant's obligations and common law duties to Plaintiff.  Plaintiff is entitled to injunctive relief to prevent Defendant from violating these obligations, using or possessing Plaintiff's confidential, proprietary and trade secret information to unfairly compete against Plaintiff, and protecting Plaintiff and its employees from potential violence.

60.     Injunctive relief is appropriate under Federal Rule of Civil Procedure 65and common law principles of equity.  Unless Defendant is restrained by this Court, Plaintiff will suffer substantial and irreparable injury.  This irreparable injury includes Defendant's using or disclosing Plaintiff's trade secrets and/or using Plaintiff's client goodwill and/or other confidential and proprietary information in connection with Defendant's employment or for other personal gain to unfairly compete with Plaintiff and damage Plaintiff's goodwill with its clients.

61.     Plaintiff has no adequate remedy at law for such injuries, and Plaintiff's damages are not fully ascertainable because the rights involved are unique, so that it will be difficult if not

impossible to accurately measure in monetary terms all of the damage caused to Plaintiff by Defendant's conduct.  Further still, Defendant could never make Plaintiff whole with a payment of monetary damages because Defendant does not have the resources to provide such a remedy.

62.     Based on the foregoing, Defendant should be ordered to appear and show cause why Defendant should be preliminarily and then permanently enjoined.

### CONDITIONS PRECEDENT

63.     All conditions precedent to all relief being sought by Plaintiff have been met, performed, occurred, and/or waived.

### RESERVATION OF RIGHTS

64.     The right to bring additional causes of action and to amend this complaint, as necessary, is specifically reserved.

### PRAYER

THEREFORE, Plaintiff prays that this Court:

A.     Issue a preliminary injunction enjoining Defendant from:

1.     individually or in concert with others, for the purposes of engaging in a business that is the same as or similar to Plaintiff's business; soliciting, contacting, or communicating with any person or entity identified on the client names and client lists Defendant obtained while working for the Division, Paul A. Pagnato, Jr. and David W. Karp about whom Defendant was not aware prior to working for the Division;

2.     possessing, using, maintaining, revealing or disclosing any of Plaintiff's customers' information or Plaintiff's confidential information or any of Plaintiff's property, including, but not limited to client lists and other non-public client information;

13

3.       failing to immediately return, upon receipt of this Court's Order, the originals and all copies of any of Plaintiff's confidential information in Defendant's possession or constructive possession, including, but not limited to client lists and other non-public client information;

4.       failing to turn over to Plaintiff's attorney all computers, laptops, notebook computers, PDAs, cell phones, thumb drives, hard drives, or any computer device, and provide access to cloud storage that Defendant used while working for the Division within three business days of receiving this Courts' Order so same can be held in custody until a protocol is established for making a forensic image of same and for the retrieval and permanent deletion of any of Plaintiff's trade secrets or confidential information;

B.       upon final trial the Court enter a permanent injunction and enter judgment in favor of Plaintiff against Defendant for damages, both general and special, in an amount in excess of the minimum jurisdictional limit of this Court and for reasonable attorney's fees, reasonable paralegal fees, liquidated damages provided for by any statute, costs of court, pre- and post-judgment interest at the highest rates allowed by law; and

C.       for such other and further relief, general or special, at law or in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

PAGNATOKARP PARTNERS, LLC
By counsel:

_____ */s/ Christopher E. Humber* _____
Christopher E. Humber, Esq.
D.C. Bar No. 462447
**OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.**
1909 K Street, N.W., Suite 1000,
Washington, DC  2006
Telephone:  201-263-0260
Facsimile:  202-887-0866
Email:  chris.humber@ogletree.com

R. Rogge Dunn, Esq.
(application for *pro hac vice forthcoming*)
**CLOUSE DUNN LLP**
1201 Elm Street, Suite 5200
Dallas, Texas 75270-2142
Telephone:  (214) 220-3888
Facsimile:  (214) 220-3833
Email: dunn@trialtested.com

**ATTORNEYS FOR PLAINTIFF**